IN THE UNITED STATES BANKRUPTY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| Perry Farms, LLC, ) | Chapter 11 |
| ) | Case No. 20-50338 |
| Debtor. ) | |
| ) | |

### DEBTOR'S MOTION FOR AUTHORITY TO RETAIN AND EMPLOY IVEY, McCLELLAN, GATTON & SIEGMUND, LLP AS BANKRUPTCY COUNSEL

Perry Farms, LLC (the "Debtor"), by this Motion (the "Motion"), hereby requests an order approving the retention of the law firm of Ivey, McClellan, Gatton & Siegmund, LLP ("IMGS") as bankruptcy counsel for the Debtor in this Chapter 11 case. In support of this Motion, the Debtor respectfully represents and states as follows:

### JURISDICTION

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this Court is property pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are Sections 327(a) and 330 of the Bankruptcy Code and Bankruptcy Rule 2014.

### BACKGROUND

2. On August 19, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court. The Debtor continues to be in possession of its properties and the management of its business as debtor-in-possession, pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this Chapter 11 case.

### RELIEF REQUESTED

3. By this Motion, the Debtor seeks the authority, pursuant to Section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014, to retain and employ IMGS as bankruptcy counsel to perform the legal services that will be necessary during the chapter 11 case.

4. The Debtor seeks to retain the firm of IMGS as bankruptcy counsel because of IMGS's extensive experience and knowledge in the field of debtors' and creditors' rights. Additionally, the Debtor submits that IMGS's expertise in, experience in, and knowledge of practicing before this Court will be efficient and cost-effective for the Debtor's estate.

Accordingly, the Debtor believes that IMGS is both well-qualified and uniquely able to represent the estate as bankruptcy counsel in an efficient and timely manner.

5.    Subject to Court approval in accordance with Section 330(a) of the Bankruptcy Code, compensation will be payable to IMGS on an hourly basis, plus reimbursement of actual, necessary expenses incurred by the firm. The principal attorneys and paralegals designated to represent the Debtors, and their agreed hourly rates, are:

| Name | Rate |
|---|---|
| Samantha K. Brumbaugh | $375.00 per hour |
| Dirk W. Siegmund | $425.00 per hour |
| Charles M. Ivey, III | $500.00 per hour |
| Darren McDonough | $375.00 per hour |
| Melissa Murrell (paralegal) | $150.00 per hour |
| Tabitha Coltrane (paralegal) | $150.00 per hour |
| Heather Bray (paralegal) | $150.00 per hour |

6.    The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.

7.    The hourly rates set forth above are IMGS's standard hourly rates for work of this nature. These rates are set at a level designated to fairly compensate IMGS for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is IMGS's policy to charge its clients in all areas of practice for all other expenses incurred in connection with each client's case. The expenses charged to clients include, among other things, mail and express mail charges, special and hand delivery charges, document processing, photocopying charges, charges for mailing supplies provided by the firm to outside copying services for use in mass mailings, travel expenses, expenses for workings meals, computerized research, transcription costs, as well as non-ordinary overhead expenses. IMGS will charge the Debtor for these expenses in a manner and at rates consistent with charges made generally to IMGS's other clients. IMGS believes that it is fair to charge these expenses to clients incurring them rather than to increase its hourly rates and spread the expenses among clients.

8.    The professional services that IMGS may render to the Debtor include, but shall not be limited to, the following:

    a.    provide legal advice with respect to its powers and duties as debtor-in-possession in the continued operation of its business and management of its properties;

    b.    negotiate, prepare, and pursue confirmation of a chapter 11 plan and approval of a disclosure statement, and all related reorganization agreements and/or documents;

    c.    prepare on behalf of the Debtor necessary applications, motions, answers, orders, reports, and other legal papers;

    d.    represent the Debtor in all adversary proceedings related to the base case;

e. represent the Debtor in all litigation arising from or relating to causes of action owned by the estate or defending causes of action brought against the estate, in any forum;

f. appear in Court to protect the interests of the Debtor; and

g. perform all other legal services for the Debtor that may be necessary and proper in the chapter 11 proceeding.

9. To the best of the Debtor's knowledge, and except as otherwise disclosed in the annexed affidavit of Samantha K. Brumbaugh (the "Brumbaugh Affidavit"), IMGS does not hold or represent an interest adverse to the Debtor's estate, and IMGS is a "disinterested person" as that phrase is defined in Section 101 (14) of the Bankruptcy Code. IMGS's employment is necessary and in the best interest of the Debtor and its estate.

10. To the best of the Debtor's knowledge, other than disclosed herein and in the Brumbaugh Affdiavit, IMGS has not represented the Debtor's creditors, equity security holders, or any other parties in interest, or its respective attorneys, in any matter relating to the Debtors or its estate.

WHEREFORE, the Debtor respectfully requests that the Court authorize the employment and retention of IMGS as bankruptcy counsel for the Debtor in this Chapter 11 case and grant such other and further relief as is just and proper.

This the 19th day of August, 2020.

PERRY FARMS, LLC

BY: _____
Danny James Cecile, Jr.
Authorized Agent

_____
Samantha K. Brumbaugh/NCSB# 32379
Ivey, McClellan, Gatton & Siegmund
100 South Elm Street, Suite 500
Greensboro, NC 27401
Telephone: 336-274-4658
Email: skb@iveymcclellan.com

IN THE UNITED STATES BANKRUPTY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| Perry Farms, LLC, | ) | Chapter 11 |
| | ) | Case No. 20-50338 |
| Debtor. | ) | |
| | ) | |

AFFIDAVIT OF SAMANTHA K. BRUMBAUGH IN SUPPORT OF APPLICATION TO EMPLOY BANKRUPTCY COUNSEL FOR DEBTOR

I, Samantha K. Brumbaugh, do solemnly depose and declare as follows:

1. I am an attorney duly admitted to practice in North Carolina, and I am admitted to practice before the Court.

2. I am a Partner in the law firm of Ivey, McClellan, Gatton & Siegmund, LLP (the "Firm") which maintains an office at 100 South Elm Street, Suite 500, Greensboro, North Carolina.

3. I will assume primary responsibility within the Firm for its engagement in the above referenced chapter 11 case, if the Firm is approved as bankruptcy counsel for Perry Farms, LLC.

4. I am fully familiar with the facts stated herein and submit this affidavit in support of Debtor's Application to Employ Bankruptcy Counsel.

5. I, along with the Firm, have been retained to serve as Bankruptcy Counsel for Debtor as set forth in an engagement letter, executed by myself and Debtor on August 19, 2020. Debtor ($6,000.00) and Jennifer Perry Cecile, Ph.D., on behalf of Debtor ($1,500.00), paid an initial total retainer of $7,500.00, $937.50 of which was earned for pre-petition services through August 19, 2020 and $1,717.00 of which was paid to the firm for reimbursement of the Chapter 11 filing fee. The Debtor has agreed to pay $2,500.00 by the 341 Creditors Meeting and $500.00 per week to be held in Trust, until the retainer balance reaches $15,000.00. The retainer balance shall be maintained at $15,000.00, per the terms of the engagement letter.

6. To the best of my knowledge, neither I nor any member of the Firm: (i) is a creditor, equity security holder, or insider of Debtor, (ii) is or was, within the preceding two years, a director, officer, or employee of Debtor, or (iii) has an interest materially adverse to the interests of Debtor's bankruptcy estate or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in Debtor, or for any other reason. Based upon the foregoing, to the best of my knowledge, the Firm and I are "disinterested persons" as that term is defined in § 101(14) of the Bankruptcy Code as modified by § 1107(b) of the Bankruptcy Code.

7. If approved as bankruptcy counsel for Debtor, the Firm intends to apply for compensation for professional services rendered in connection with the above-captioned chapter 11 case and any related adversary proceeding on an hourly basis, plus reimbursement of actual and necessary expenses and other charges the Firm incurs, subject to the approval of the Court and in compliance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, Local Rules of the Court, and the Chapter 11 Fee Application Guidelines for the Western District of North Carolina.

8. The primary attorneys and paralegals expected to provide services to Debtor and their respective hourly rates are as follows: Samantha K. Brumbaugh at $375.00; Dirk W. Siegmund at $425.00; Charles M. Ivey, III at $500.00; Darren A. McDonough at $375.00; John M. Blust at $300.00; Charles M. Ivey, IV at $250.00; Melissa M. Murrell at $150.00; Tabitha D. Coltrane at $150.00; and, Heather Bray at $150.00.

9. The hourly rates set forth above are subject to periodic adjustment to reflect economic and other conditions. Other attorneys and paralegals within the Firm may render services to Debtor as needed.

10. The Firm has received no compensation from Debtor or anyone else on account of Debtor, except as follows: $937.50 in pre-petition services and reimbursement of $1,717.00 for Chapter 11 filing fees. Fees and reimbursement of expenses were deducted from the $7,500.00 retainer paid by the Debtor on August 19, 2020 respectively. Proposed Bankruptcy Counsel retains $4,845.50 in their Trust account.

11.  No understanding or agreement exists for a division of fees or compensation with any other person or entity outside of the Firm for services to be rendered to Debtor in connection with this case.

12.  I will promptly file a supplemental affidavit pursuant to Federal Rule of Bankruptcy Procedure 2014(a) if any additional, material, relevant facts or relationships are discovered or arise after execution of this affidavit.

13.  Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

This 19th day of August, 2020.

Samantha K. Brumbaugh, NCSB# 32379
Attorney for Debtor
Ivey, McClellan, Gatton & Siegmund
Post Office Box 3324
Greensboro, NC 27402
Telephone: 336-274-4658
Email: skb@iveymcclellan.com

Sworn to and subscribed before me,
this the 19 day of August, 2020.

Notary Public
My commission expires: 1/25/22

MELISSA MURRELL
NOTARY PUBLIC
Guilford County, North Carolina
My Commission Expires 1/25/22

**CERTIFICATE OF SERVICE**

**THIS IS TO CERTIFY** that on the date indicated below, the undersigned served a copy of the by electronic means and/or depositing the same in a post-paid wrapper, addressed to the following parties as shown below, in an official depository of the United States Postal Service, in the manner prescribed by law:

Shelley K. Abel
Bankruptcy Administrator
402 West Trade Street, Suite 200
Charlotte, NC 28202
CM/ECF

THIS the 20th day of August, 2020.

*/s/ Samantha K. Brumbaugh*
Samantha K. Brumbaugh
Attorney for Debtor
N.C.S.B. #32379
Ivey, McClellan, Gatton & Siegmund
P.O. Box 3324
Greensboro, NC 27402
Telephone:  336-274-4658

1